THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH MOSBY, Defendant-Appellant.

First District (6th Division)    No. 1—95—1542

Opinion filed February 21, 1997.

Jackson Williams and Danielle Jaskolka, both of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Beth Pfeiffer, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant Keith Mosby was convicted of possession of a stolen motor vehicle and aggravated possession of a stolen motor vehicle. The trial court found that the first offense (possession of a stolen motor vehicle) merged into the second offense (aggravated possession of a stolen motor vehicle) and imposed a five-year prison sentence.

On appeal, the sole issue raised by defendant is whether the trial court erred in failing to inquire whether the State had a race-neutral reason for using a peremptory challenge against one African-American venireperson (Stanley Washington) under *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). We find that the record does not support defendant's *Batson* challenge and affirm.

The record reveals that the trial judge conducted the entire *voir dire* and asked the same customary questions of all venirepersons, such as marital status and employment. The trial judge clearly used the answers to the standard juror cards, *i.e.*, questionnaires completed by each venireperson, to determine whether or not further inquiry was required. Accordingly, the judge only posed further questions to a venireperson when warranted by an answer on the juror's card.

The first person questioned was Stanley Washington, whose subsequent exclusion by the State is the subject of the present appeal. Mr. Washington stated that he lived in the south suburban area of Chicago and has worked for a major food service corporation as a business consultant for eight years. Mr. Washington is married with a seven-month-old child, and his wife has worked as a claim representative with an insurance company for three years. The trial judge observed that, on the jury form, Mr. Washington indicated that he knew a police officer, State's Attorney, public defender, a lawyer and a judge. During questioning, however, Washington stated that he was mistaken about knowing a State's Attorney.

Mr. Washington revealed that he knows Judge Porter, a criminal court judge, through Judge Porter's sons, sees Judge Porter once or twice a year, and talks to Judge Porter about his work on occasion. Washington stated that he knows several lawyers, some of whom practice criminal law, sees these lawyers every week, and talks to them about their jobs and their cases. In addition, Washington knows a public defender, sees him every week and talks to him about his job and work. Washington also knows an Indiana police officer, whom he sees once or twice a year, and talks to him about his occupation. Washington stated that his relationship with the above individuals would not cause him to be biased or unfair to either side.

The trial judge then questioned the next seven venirepersons in the same manner. After the judge concluded questioning the first panel, he held a conference in chambers to select jurors from the eight people interviewed. First, defense counsel excused a venireperson based on his statements that his best friend and his best friend's father are Chicago police district officers. Next, the State used a peremptory challenge to excuse Stanley Washington. Defense counsel

made a *Batson* motion asking that the trial judge ask the State to offer a race-neutral reason for excluding Mr. Washington. The following exchange occurred:

> "[DEFENSE COUNSEL]: Judge, I would be making a motion for regarding Mr. Washington.
>
> THE COURT: What is that motion?
>
> [DEFENSE COUNSEL]: Judge, a Batson motion at this point, that Mr. Washington is a male black, that he is one of four male blacks in this panel to be selected and I feel that the State needs to be inquired as to whether or not there is a race neutral reason for his exclusion on the jury. And, Judge, I further state that with regards to the panel of fourteen that have been at least selected for preliminary questioning there [are] only two male blacks in that panel.
>
> THE COURT: Okay. The motion—
>
> [DEFENSE COUNSEL]: Two black people entirely, African American.
>
> THE COURT: Okay. That is a correct representation as to the make-up of the fourteen people on the jury box and the motion is denied."

After denying defendant's motion, both sides accepted four jurors, and each side used one peremptory challenge, dismissing two other venirepersons. Jury selection continued in the same manner. At the end of the jury selection process, the State had used three peremptory challenges to excuse Stanley Washington, Jack Gibbons, and Angela Nelson. Two persons were excused for cause. Defense counsel used five peremptory challenges (John Coppe, Michael McGreal, Josef Zielinski, John Ilin, and Annette Jones). Two alternate jurors were also selected.

On appeal, defendant asserts that he sustained his burden of establishing a *prima facie* case of racially discriminatory jury selection under *Batson* based on the State's use of a peremptory challenge to Stanley Washington and, therefore, the trial court erred in failing to conduct a *Batson* hearing. Defendant argues that Washington had substantially the same characteristics as other accepted members of the venire except for his race. Defendant, however, acknowledges that the record does not reveal the race of the venirepersons or the selected jurors.

The State contends that defendant did not make a *prima facie* showing of discrimination and, therefore, the burden did not shift to the prosecution to articulate a race-neutral reason for excluding the venireperson.

■ To evaluate a claim of racial discrimination in jury selection, a three-step process is provided by *Batson*. First, the defendant must

establish a *prima facie* showing that the prosecutor exercised peremptory challenges on the basis of race. If the defendant satisfies the initial burden, then the burden shifts to the prosecutor to articulate a race-neutral explanation for excluding the venireperson in question. If the first two elements are established, then the trial court must determine whether the defendant has met his burden of proving purposeful discrimination. *Batson*, 476 U.S. at 97-98, 90 L. Ed. 2d at 88-89, 106 S. Ct. at 1723-24; *People v. Munson*, 171 Ill. 2d 158, 174 (1996).

■ To establish a *prima facie* showing of discrimination under *Batson*, a defendant must "demonstrate that 'relevant circumstances' in the case raise an inference that the prosecutor exercised peremptory challenges to exclude venirepersons from the jury on account of their race." *People v. Hudson*, 157 Ill. 2d 401, 425-26 (1993). Relevant circumstances include: (1) a pattern of strikes against black venirepersons; (2) a disproportionate use of peremptory strikes against black venirepersons; (3) the level of black representation in the venire as compared to the jury; (4) the prosecutor's questions and statements during *voir dire* and while exercising peremptory challenges; (5) whether the excluded black venirepersons were a heterogeneous group sharing race as their only common characteristic; and (6) the race of the defendant, victim and witnesses. *People v. Brown*, 172 Ill. 2d 1, 34 (1996). This court will not reverse a trial court's decision as to whether or not defendant established a *prima facie* case unless it is against the manifest weight of the evidence. *Brown*, 172 Ill. 2d at 35; *Hudson*, 157 Ill. 2d at 426.

Defendant relies on *People v. Nicholson*, 218 Ill. App. 3d 273 (1991), where this court found that the defendant had established a *prima facie* case of racial discrimination in the State's use of peremptory challenges and thus remanded the case to the trial court for a *Batson* hearing. In *Nicholson*, the State used five of six peremptory challenges to exclude black individuals and the five excluded veniremembers were a heterogenous group with their only common characteristic being their race.

Unlike *Nicholson*, the State in the present case used only one of three peremptory challenges to exclude a black veniremember and the excluded juror differed from the selected jurors in his connection and association with persons in the criminal justice profession. Washington knows a criminal court judge, several criminal lawyers, a public defender and a police officer. Washington further revealed that he talks to these friends and acquaintances about their work.

■ Obviously, the virtually silent record on the race of venirepersons and selected jurors substantially impedes a review based on a

*Batson* challenge. Logic, however, dictates that Washington was the only black person excused by the State. This conclusion is reached by the fact that the State used only three peremptory challenges, *i.e.*, to excuse Stanley Washington, Jack Gibbons, and Angela Nelson. Defendant now bases his *Batson* challenge on only the exclusion of Washington. We may reasonably assume that if Gibbons and Nelson were also black, defendant would have included them in his appeal and would have, or should have, preserved their race in the record. Moreover, as conceded by defense counsel, the record does not establish the race of the venirepersons or the selected jurors. See *People v. Pasch*, 152 Ill. 2d 133, 163-64 (1992) (lack of an adequate record showing other relevant circumstances precluded a finding of a *prima facie* case); *People v. Mahaffey*, 128 Ill. 2d 388, 413 (1989) (failure to provide evidence of relevant circumstances prohibited the finding of a *prima facie* case even where the State exercised peremptory challenges to remove certain members of the defendant's race).

Although we recognize that the exclusion of just one minority venireperson based on race can be unconstitutional (*People v. Harris*, 129 Ill. 2d 123, 175 (1989)), under the circumstances of this case, the trial court's determination that defendant failed to establish a *prima facie* case is not against the manifest weight of the evidence. The State excluded a total of three venirepersons and the three excluded jurors did not share race as a characteristic. Moreover, since the trial judge conducted the entire *voir dire*, there are no statements or questions by the State to suggest that the exclusion of Washington was motivated by his race. At best, the record shows that both defendant and Washington were black. We do not believe that this circumstance, standing alone, demonstrates a *prima facie* showing of purposeful racial discrimination. To hold otherwise would, in essence, waive or eliminate the first prong of the *Batson* process. While this court is ever vigilant against *Batson* abuses (see *People v. Randall*, 283 Ill. App. 3d 1019 (1996); *Nicholson*, 218 Ill. App. 3d 273), this case does not suggest such impropriety.

Affirmed.

ZWICK and QUINN, JJ., concur.